UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RANDY COMEAUX                                        CIVIL ACTION

VERSUS                                               NO: 13-6584

ATP OIL & GAS CORPORATION, ET                        SECTION: J(3)
AL

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 64)** filed by Defendant, Bennu Titan, LLC ("Bennu"), formerly known as ATP Titan LLC, an *Opposition* thereto (**Rec. Doc. 68**) by Plaintiff, Randy Comeaux, and Bennu's *Reply* (**Rec. Doc. 71**). This motion is set for Oral Argument before the Court on April 22, 2015. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED**.

## PROCEDURAL AND FACTUAL BACKGROUND

This matter derives from injuries allegedly sustained by Plaintiff aboard the ATP Titan Platform, which at the time of the incident, was owned by Bennu. The ATP Titan Platform is located off the coast of Louisiana, in the Mississippi Valley

1

area of the Outer Continental Shelf. While Bennu is the actual owner of the platform, pursuant to an Offshore Platform Use Agreement, ATP Oil and Gas Corporation ("ATP Oil & Gas") is to serve as operator and have "sole and exclusive possession and use" of the platform during a period from 2010 to 2022. (Rec. Doc. 64-2, p. 8, 15, 17).

In December 2012, Plaintiff was employed by Greystar Corporation ("Greystar"). Pursuant to a contract between Greystar and ATP Oil & Gas, Plaintiff was to perform various services for ATP Oil & Gas aboard the ATP Titan Platform during the period between December 16, 2010 and December 16, 2012. Plaintiff alleges that during this time, employees of ATP Oil & Gas and/or Bennu repeatedly discharged hazardous chemicals on or in close proximity to the ATP Titan Platform, thereby exposing him to "crude oil, methanol, LDH 43, paraffin inhibitor, asphaltine inhibitor, defoamer, and calcium bromide." (Rec. Doc. 1, p. 2-3). As a result of his exposure to these chemicals, Plaintiff alleges that he has suffered severe injuries, including "headaches, nausea, dizziness, nasal burning, burning of the eyes, digestive tract upset, disorientation, blurred vision, and extreme lethargy." (Rec. Doc. 1, p. 3).

Plaintiff filed the present lawsuit on December 5, 2013, initially naming as defendants ATP Oil & Gas and ATP

Infrastructure. Plaintiff subsequently filed an amended complaint in which he substituted Bennu as defendant in place of ATP Infrastructure. (Rec. Doc. 24). Plaintiff claims that as operator and owner of the platform, respectively, ATP Oil & Gas and Bennu should be found liable for their intentional and negligent acts of discharging the toxic chemicals in violation of various permits and leases which had been issued to them by the United States. On November 28, 2014, Plaintiff filed a second amended complaint, adding as defendants Gemini Insurance Company and Underwriters at Lloyds London Syndicate #4711, as the insurance providers for both ATP Oil & Gas and Bennu. (Rec. Doc. 45).

Bennu filed the instant motion on March 31, 2015, seeking summary judgment in its favor on all of Plaintiff's claims against it. Bennu specifically argues that, as owner of the vessel, it may not be found liable for Plaintiff's injuries, all of which were incurred as a result of ATP Oil & Gas's alleged negligent operations aboard the platform, and not from Bennu's status as owner.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

3

that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so

4

sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Bennu's argument in favor of summary judgment on Plaintiff's claims revolves entirely around a contract signed between it and ATP Oil & Gas, known as the Offshore Platform Use Agreement. Bennu argues that pursuant to this agreement, ATP Oil & Gas had sole and exclusive control over operations performed aboard the platform and thus bears complete responsibility for any injury incurred from its fault or negligence in operating the platform. Although Plaintiff does not contest the existence or viability of this Agreement, he does dispute that this contract entirely

relieves Bennu of liability for his injuries. Plaintiff also argues that summary judgment at this stage in the proceedings is premature, as several issues regarding discovery have yet to be resolved. For instance, Plaintiff asserts that another contract existed between Bennu and ATP Oil & Gas, which has yet to be disclosed by Bennu, and that Bennu has failed to disclose several requested documents, which Bennu alleges are either irrelevant or in the possession of ATP Oil & Gas.

As an initial matter, the Court finds that summary judgment at this stage in the proceedings is not premature. Plaintiff argues that because discovery has not yet been concluded,[1] and because outstanding discovery issues remain, the Court should defer its ruling on Bennu's motion. Rule 56(f) of the Federal Rules of Civil Procedure permits that in circumstances when a party cannot sufficiently defend a motion for summary judgment due to a lack of available evidence, a court may order a continuance to allow further discovery to be conducted. FED. R. CIV P. 56(f). While this rule is designed "to safeguard against a premature or improvident grant of summary judgment," a plaintiff's entitlement under Rule 56 is not absolute or unlimited. *Butcher v. Superior Offshore Intern., LLC*, No. 07-8136, 2010 WL 3909168, at *1 (E.D. La. Sept. 30, 2010) (Vance,

---

[1] According to the Scheduling Order (Rec. Doc. 61), currently governing the matter, the parties must complete all discovery by September 1, 2015.

J.) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)). When "no amount of future discovery would lend support" to a non-movant's claims, a motion for summary judgment is not considered premature. *See Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 144 (5th Cir. 1987); see also *Washington*, 901 F.2d at 1285 (finding that additional discovery prior to the court's ruling on a motion for summary judgment "may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

In support of his argument that summary judgment is premature, Plaintiff argues that Bennu's answers to his Requests for Production indicate that "the Offshore Platform Use Agreement is not the only contract/agreement in effect between Bennu Titan and ATP." (Rec. Doc. 68). Plaintiff submits that additional discovery is necessary to determine the provisions contained in any contracts other than the Offshore Platform Use Agreement. However, in support of his contention that more than one contract governs the defendants' relationship, Plaintiff cites only generally to all of Bennu's answers to Plaintiff's Requests for Production, and fails to reference any specific language. After considering all of these answers, the Court finds no language which would suggest to Plaintiff that any

7

contract governed the relationship between Bennu and ATP Oil & Gas other than the Offshore Platform Use Agreement. Plaintiff also argues that Bennu has informed him that many of the documents which he has sought through discovery are actually in the possession of ATP Oil & Gas, which ATP Oil & Gas allegedly disputes. However, Plaintiff provides the Court with no indication regarding what these documents contain, or how these documents would support his opposition to Bennu's motion for summary judgment. Plaintiff has failed to show why additional discovery is necessary for him to adequately defend against Bennu's motion. As such, despite the fact that discovery has not yet closed, summary judgment at this stage is not premature.

Additionally, Plaintiff has failed to present any evidence to support his claims for Bennu's liability. As noted above, Bennu's relationship with ATP Oil & Gas regarding the ATP Titan Platform is governed by the Offshore Platform Use Agreement, under which ATP Oil & Gas has "sole and exclusive possession and use" of the platform during the term of the contract, from 2010 to 2022. (Rec. Doc. 64-2, p. 15). The Agreement further provides that ATP Oil & Gas has "full dominion over, control of, and responsibility for the use, operation and maintenance of the Titan Assets, including personnel and equipment located on the Platform." (Rec. Doc. 64-2, p. 15). Bennu asserts that the

8

provisions contained in this Agreement, which grant sole operational use of the platform to ATP Oil & Gas, to the exclusion of Bennu, is sufficient to relieve Bennu of all liability for Plaintiff's injuries, which Plaintiff alleges were caused by operations aboard the platform, as opposed to a defect in the platform itself.

In response, Plaintiff alleges that this contract is not sufficient to absolve Bennu of liability. In support of this contention, Plaintiff points to Article 12 of the contract, which Plaintiff alleges indicates that the parties' contemplated Bennu's potential liability. Article 12, labelled "Indemnification," provides that ATP is bound to indemnify Bennu for a multitude of claims brought against it, including those arising out of ATP Oil & Gas's operations aboard the platform and its failure to comply with all applicable laws, including environmental laws. (Rec. Doc. 64-2, p. 36). However, while the contract may have, out of an abundance of caution, provided for indemnity provisions in circumstances in which a plaintiff may bring claims against Bennu for ATP Oil & Gas's failure to comply with environmental laws, this is not sufficient, without additional evidence, to support Plaintiff's claims against Bennu. Instead, the contractual provision transferring sole and exclusive use of the platform to ATP Oil & Gas indicates that

Bennu had no involvement in the daily operations aboard the platform, including the discharge of any hazardous chemicals, at the time Plaintiff allegedly sustained his injuries.

Plaintiff has failed to point to any language in the contract to evidence that he has a valid claim against Bennu for ATP Oil & Gas's alleged discharge of hazardous chemicals. Neither in his Complaint, nor any subsequent pleadings, has Plaintiff provided the Court with any evidence regarding the specifics of his claim against Bennu. Plaintiff has not alleged that his injuries were caused by any underlying defect in the platform itself, in an attempt to hold Bennu liable as premises owner. Nor has Plaintiff pointed to any individual action by Bennu which he alleges caused or contributed to his injury. While Plaintiff alleges in his complaint that the hazardous chemicals which he claimed caused him injury were discharged by employees of ATP Oil & Gas and/or Bennu, he has presented no evidence that Bennu ever had employees present at the platform or in any way actively participated in operations conducted on the platform during the time he alleges he incurred injuries. Finally, Plaintiff has provided the Court with no evidence, within the contract or otherwise, to support any contention that Bennu had control over ATP Oil & Gas's conduct aboard the

platform, or that Bennu's status as owner of the platform is sufficient to hold it liable for his injuries.

Because Plaintiff has failed to produce virtually any evidence to support his claim against Bennu, and because summary judgment is not considered premature at this stage in the proceedings, the Court determines that summary judgment in favor of Bennu on Plaintiff's claims is warranted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Bennu's Motion for Summary Judgment (**Rec. Doc. 64**) is **GRANTED.**

**IT IS FURTHER ORDERED** that all Plaintiff's claims against Bennu in the above-captioned matter are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Oral Argument that is currently set for April 22, 2015 at 9:30 a.m. regarding Bennu's motion is **CANCELLED.**

New Orleans, Louisiana this 17th day of April, 2015.

*[signature]*

CARL J. BARBIER

UNITED STATES DISTRICT JUDGE